

40 West 39th Street, Fifth Floor, New York, NY 10018
Tel: 212.725.6422 • Fax: 800.391.5713
www.ImmigrantDefenseProject.org

December 10, 2019

<u>VIA ECF</u>

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

   Re: *Doe, et al. v. U.S. Immigration and Customs Enforcement, et al.*,
      No. 1:19-cv-08892-AJN

Dear Judge Nathan:

  The Immigrant Defense Project *et al.* ("amici curiae") respectfully move for leave to file an amicus brief in support of Plaintiffs' opposition to Defendants' Motion to Dismiss (ECF No. 63). Amici curiae have conferred with the parties concerning the filing of this motion. Plaintiffs have consented to this motion, and Defendants take no position.

## INTEREST OF AMICI CURIAE

  Amici curiae are community-based organizations, legal service providers, public defenders, anti-violence advocates, and immigrant rights groups—all of whom have a substantial interest in preserving the integrity and functioning of New York's court system for the vulnerable populations they serve. Since 2017, amici curiae have observed the detrimental impact of ICE's operations at state courthouses, and they have extensively documented these arrests and their chilling effects. The issues before the Court are therefore directly relevant to amici, who are able to provide critical context and perspectives to the Court.

### A. Legal Standard

  The Court has "broad discretion" to allow the appearance of amici curiae in a given case. *City of New York v. United States*, 971 F. Supp. 789, 791 n.3 (S.D.N.Y. 1997), *aff'd*, 179 F.3d 29 (2d Cir. 1999). While there is "no governing standard, rule or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court," district courts look to Rule 29 of the Federal Rules of Appellate Procedure for guidance. *See Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 Civ. 7935 (ALC), 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014) (internal quotation marks omitted). Under Rule 29, courts consider whether the

proposed amicus curiae has an interest in the case and whether the brief is "desirable" and "relevant." Fed. R. App. P. 29. Courts in this District have granted requests to serve as amicus curiae when the additional brief would aid the court in evaluating the pending motion. *See, e.g., U.S. v. Yonkers Contracting Co., Inc.*, 697 F. Supp. 779, 781 (S.D.N.Y. 1988); *see also Automobile Club of New York, Inc. v. Port Authority of New York and New Jersey*, No. 11 Civ. 6746 (RJH), 2011 WL 5865296, at *1-2 (S.D.N.Y. Nov. 22, 2011) (customary role of amicus is to "aid . . . the court and offer insights not available from the parties").

### B. Amici Curiae's Unique Perspective Will Assist the Court

Amici curiae's brief will assist the Court by detailing the corrosive effects of ICE's policy of making civil arrests in and around New York's courthouses, from the perspective of stakeholders and participants in the state justice system. Many of the amici organizations work directly with criminal defendants, witnesses, victims, and survivors of gender-based violence. Their clients depend on having unfettered access to state court proceedings, yet they have been arrested by ICE while attending court or are deterred from attending for fear of arrest. Proposed amici can thus speak to how ICE's 2018 directive, "Civil Immigration Enforcement Actions Inside Courthouses" (the "Directive"), has impaired the administration of justice in New York's courts. In addition, several amici organizations themselves have experienced disruption as a result of the Directive. For example, public defenders have diverted time and resources in response to ICE's courthouse presence that would otherwise be spent fulfilling their constitutional role in the state justice system.

The brief proposed by amici curiae also draws upon their extensive documentation of civil immigration arrests in New York's courthouses since 2016. The data gathered by amici, both quantitative and qualitative, demonstrate the existence of a systematic and unprecedented policy of staging enforcement actions in and around state courts. Amici curiae will assist the Court by illustrating that the Directive, as it has been implemented, is a final, reviewable agency action. Moreover, amici's findings cast doubt on the Directive's central rationale of enhancing public safety, showing instead that ICE courthouse arrests have emboldened domestic abusers, deterred witnesses and survivors from coming forward, and created a climate of fear.

For the forgoing reasons, amici curiae respectfully seek the Court's permission to file a brief in support of Plaintiffs.

Respectfully submitted,

/s/ Theresa Lawson
Theresa Lawson

*Counsel for Amici Curiae Immigrant Defense Project, et al.*

cc:   All Counsel of Record (via ECF)