UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
John Doe, et al.                    :
                                    :
                 Plaintiffs,        :
                                    :
     - v -                          :        19 Civ. 8892 (AJN)
                                    :
UNITED STATES IMMIGRATION           :        ~~DRAFT~~ PROTECTIVE ORDER        AJN
AND CUSTOMS ENFORCEMENT, et al.,    :
                                    :
                 Defendants.        :
------------------------------------X

FEB 1 2 2020

ALISON J. NATHAN, U.S.D.J.

     The parties having agreed to the following terms, and the
Court having found that good cause exists for issuance of an
appropriately-tailored protective order governing the pre-trial
phase of this action, it is therefore hereby:

     ORDERED that any person subject to this Order — including
without limitation the parties to this action, their
representatives, agents, experts and consultants, all third
parties providing discovery in this action, and all other
interested persons with actual or constructive notice of this
Order -- shall adhere to the following terms, upon pain of
contempt:

     1.   Pursuant to 5 U.S.C. § 552a(b)(11), this Order
authorizes Defendants to produce information that otherwise
would be prohibited from disclosure under the Privacy Act
without presenting Privacy Act objections to this Court for a

decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. However, nothing in this paragraph shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes including but not limited to 8 U.S.C. § 1367, regulations including but not limited to 8 C.F.R. §§ 208 and 214, and each of their subparts, or other authorities. The terms of this Order shall govern the safeguarding of such Protected Discovery Material (as defined below) by all individuals referenced herein, and (1) any information copied or extracted from Protected Discovery Material; (2) all copies, excerpts, summaries, or compilations of Protected Discovery Material; and (3) any testimony, conversations, or presentations by parties or their counsel that reveal Protected Discovery Material.

2. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Protected" pursuant to the terms of this Order shall not disclose such Protected Discovery Material to anyone else except as expressly permitted hereunder.

3.    The person producing any given Discovery Material may designate as Protected only such portion of such material as consists of:

   a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

   b. previously nondisclosed material relating to ownership or control of any non-public company;

   c. previously nondisclosed business plans, product development information, or marketing plans;

   d. information exempted from disclosure under the Privacy Act, 5 U.S.C. § 552a, et. seq., or covered by Federal Rule of Civil Procedure 5.2;

   e. any information of a personal or intimate nature regarding any individual; or

   f. any other category of information hereinafter given protected status by the Court.

4.    With respect to the Protected portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Protected" by stamping or otherwise clearly marking as "Protected" the protected portion in a manner that will not

interfere with legibility or audibility, and by also producing
for future public use another copy of said Discovery Material
with the Protected Information redacted. With respect to
deposition transcripts and exhibits, a producing person or that
person's counsel may indicate on the record that a question
calls for Protected information, in which case the transcript of
the designated testimony shall be bound in a separate volume and
marked "Protected Information Governed by Protective Order" by
the reporter.

5. If at any time prior to the trial of this action, a
producing person realizes that some portion[s] of Discovery
Material that that person previously produced without limitation
should be designated as Protected, he may so designate by so
apprising all parties in writing, and such designated portion[s]
of the Discovery Material will thereafter be treated as
Protected under the terms of this Order.

6. No person subject to this Order other than the
producing person shall disclose any of the Discovery Material
designated by the producing person as Protected to any other
person whomsoever, except to:

    a. the parties to this action;

    b. counsel retained specifically for this action,
       including any paralegal, clerical and other assistant
       employed by such counsel and assigned to this matter;

c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f. stenographers engaged to transcribe depositions conducted in this action; and

g. the Court and its support personnel.

7. Prior to any disclosure of any Protected Discovery Material to any person referred to in subparagraphs 6(d) or 6(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either

prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. All Protected Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Protected Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Protected Discovery Material itself, and not text that in no material way reveals the Protected Discovery Material.

9. Any party who objects to any designation of Discovery Material as "Protected" shall serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. The parties shall then meet and confer in an effort to resolve the dispute. If this process is unsuccessful, the parties may proceed to raise the matter with the Court pursuant to Rule 2.C of the Court's Individual Practices in Civil Cases.

10. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford protected treatment to

any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Protected. The Court also retains unfettered discretion whether or not to afford protected treatment to any Protected Document or information contained in any Protected Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11. Each person who has access to Discovery Material that has been designated as Protected shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

17. Except as provided in this Order, all Protected Discovery Material produced or exchanged pursuant to this Order shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

18. Except upon further order of the Court, for good cause shown, the name, alien registration number, and other personal identifying information of any noncitizen who does not consent to disclosure of this information shall be redacted from any

document produced by the Plaintiffs to the Defendants, and nothing in this Order shall be deemed to require such consent.

19. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Protected", and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

20. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

/s/Jonathan I. Blackman
Dated: 02/10/2020

Dated: 02/10/2020

SO ORDERED.

Alison J. Nathan, U.S.D.J.

2/12/20

Dated:    New York, New York
          February 10, 2020

Nothing in this Order affects the parties' obligation to comply with Rule 4 of the Court's Individual Practices in Civil Cases governing redactions and filing under seal, or with any of the Court's other Individual Practices as relevant.
SO ORDERED.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
John Doe, et al.             :

                        :

                        :

             Plaintiffs,   :

                        :

   - v -                   :    19 Civ. 8892 (AJN)

                        :

UNITED STATES IMMIGRATION     :    NON-DISCLOSURE
AND CUSTOMS ENFORCEMENT, et al.,  :    AGREEMENT

                        :

           Defendants.   :
------------------------------------X

     I, _____, acknowledge that I have read

and understand the Protective Order in this action governing the

non-disclosure of those portions of Discovery Material that have

been designated as Protected. I agree that I will not

disclose such Protected Discovery Material to anyone other

than for purposes of this litigation and that at the conclusion

of the litigation I will return all discovery information to the

party or attorney from whom I received it. By acknowledging

these obligations under the Protective Order, I understand that

I am submitting myself to the jurisdiction of the United States

District Court for the Southern District of New York for the

purpose of any issue or dispute arising hereunder and that my

willful violation of any term of the Protective Order could

subject me to punishment for contempt of Court.


Dated: _____  _____