AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
By:  REBECCA R. FRIEDMAN
       TOMOKO ONOZAWA
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2614/2721
Facsimile:  (212) 637-2686
E-mail:  rebecca.friedman@usdoj.gov
          tomoko.onozawa@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| John Doe; The Door; Make the Road New York; New York Immigration Coalition; Sanctuary for Families; Urban Justice Center, <br><br>                    Plaintiffs, <br><br>    v. <br><br>U.S. Immigration and Customs Enforcement; U.S. Department of Homeland Security; Donald J. Trump, in his official capacity as President of the United States; Chad Wolf, in his official capacity as Acting Secretary of Homeland Security; Tony Pham, in his official capacity as U.S. Immigration and Customs Enforcement Acting Director; Thomas Decker, in his official capacity as U.S. Immigration and Customs Enforcement New York Field Office Director,[1] <br><br>                    Defendants. | 19 Civ. 8892 (AJN) <br><br>**DEFENDANTS' ANSWER TO THE COMPLAINT** |

---

[1] Acting Secretary of Homeland Security Wolf is automatically substituted for Kevin McAleenan as the Defendant in this action by operation of Fed. R. Civ. P. 25(d).  Tony Pham is automatically substituted for Matthew T. Albence as the U.S. Immigration and Customs Enforcement Acting Director.  Thomas Decker is automatically substituted for Susan Quintana as the Field Office Director for U.S. Immigration and Customs Enforcement New York Field Office.

Defendants U.S. Immigration and Customs Enforcement ("ICE"); U.S. Department of Homeland Security ("DHS"); Donald J. Trump, in his official capacity as President of the United States; Chad Wolf, in his official capacity as Acting Secretary of Homeland Security; Tony Pham, in his official capacity as ICE Acting Director; and Thomas Decker, in his official capacity as ICE New York Field Office Director (together, the "Defendants"), by their attorney, Audrey Strauss, Acting United States Attorney for the Southern District of New York, hereby answer the complaint of the Plaintiffs John Doe; The Door; Make the Road New York; New York Immigration Coalition; Sanctuary for Families; and Urban Justice Center (together, the "Plaintiffs") as follows:

## INTRODUCTION[2]

1.      Paragraph 1 of the complaint consists of Plaintiffs' characterization of this action, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 1.

2.      Defendants deny the allegations in paragraph 2.

3.      Defendants admit that on January 10, 2018, ICE issued Directive No. 11072.1, Civil Immigration Enforcement Actions Inside Courthouses (hereinafter, the "Directive").  Defendants also admit that the Directive provided instructions, including limitations, on how ICE law enforcement officers could carry out federal civil immigration arrests inside state courthouses, and that ICE made civil immigration arrests inside state courthouses after the Directive was issued.  Defendants further admit that the New York State Office of Court Administration ("OCA") issued an April 18, 2019 rule prohibiting federal civil immigration arrests inside New York State courthouses without a judicial warrant.

_____

[2] For convenience, section headings of the complaint are included, but they are not part of

Paragraph 3 of the complaint otherwise refers to Plaintiffs' characterizations of a document issued by the Immigrant Defense Project (contained in footnote 1). To the extent a response is required, Defendants respectfully refer the Court to this document for a true and complete statement of its contents. Defendants otherwise deny the remaining allegations in paragraph 3.

4. Defendants admit that on occasion ICE law enforcement officers wearing plain-clothes have identified targets in violation of federal immigration law while at New York State courthouses, as well as outside New York State courthouses. Defendants also admit that aliens arrested for violation of federal immigration law are placed into detention and that removal proceedings against the alien are initiated. Defendants further admit that ICE Officers have made federal immigration arrests in the vicinity of criminal courts located in Richmond, Queens, and New York Counties. Defendants further admit that ICE officers have arrested aliens that have court appearances before a judge, or arrested aliens upon their departure from a New York State courthouse.

Paragraph 4 of the complaint otherwise refers to Plaintiffs' characterizations of a document issued by the Immigrant Defense Project (contained in footnotes 2 and 3). To the extent a response is required, Defendants respectfully refer the Court to this document for a true and complete statement of its contents. Defendants otherwise deny the remaining allegations in paragraph 4 of the complaint.

5. Defendants deny the allegations in paragraph 5 of the complaint.

---

the Defendants' response to the complaint.

6.     Defendants admit that ICE arrests at New York State courthouses have received publicity in the State of New York.  Defendants otherwise deny the remaining allegations in paragraph 6 of the complaint and/or lack information regarding the motivations of individual aliens.

7.     Paragraph 7 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 7 of the complaint.

8.     Paragraph 8 of the complaint consists of Plaintiffs' characterizations of the Directive, to which no response is required.  To the extent to which a response is required, Defendants respectfully refer the Court to the Directive for a true and complete statement of its contents.  Paragraph 8 of the complaint also sets forth legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the remaining allegations in paragraph 8 of the complaint.

9.     Paragraph 9 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 9 of the complaint.

10.     The first and third sentences of paragraph 10 of the complaint set forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first and third sentences of paragraph 10.  The second sentence in paragraph 10 consist of Plaintiffs' characterizations of this action, and the relief they seek, to which no response is required. To the extent a response is required, Defendants deny the allegations in the second sentence of paragraph 10 of the complaint.

11.     Paragraph 11 consist of Plaintiffs' characterizations of this action, and the relief they seek, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 11 of the complaint.

## JURISDICTION AND VENUE

12.     Paragraph 12 of the complaint sets forth legal conclusions regarding jurisdiction, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 12 of the complaint.

13.     Paragraph 13 of the complaint sets forth legal conclusions regarding jurisdiction, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 13 of the complaint.

14.     Paragraph 14 of the complaint sets forth legal conclusions regarding venue, to which no response is required.  To the extent paragraph 14 contains factual allegations to which a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth that Plaintiffs Make the Road New York, Urban Justice Center, Sanctuary for Families, The Door, and New York Immigration Coalition have their principal places of business in this judicial district.

15.     Paragraph 15 of the complaint sets forth legal conclusions regarding jurisdiction, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 15 of the complaint.

## PARTIES

### *Individual Plaintiff*

16.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the complaint.

***Organizational Plaintiffs***

17.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the complaint.

18.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the complaint.

19.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the complaint.

20.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the complaint.

21.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the complaint.

22.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the complaint.

23.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the complaint.

24.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the complaint.

25.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the complaint.

26.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the complaint.

27.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the complaint.

28.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the complaint.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the complaint.

30.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the complaint.

31.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the complaint.

*Defendants*

32.     Defendants admit the allegations in paragraph 32 of the complaint.

33.     Defendants deny the allegations in paragraph 33 of the complaint and assert that Kevin K. McAleenan resigned as the Acting Secretary of Homeland Security, and Chad F. Wolf was appointed as the Acting Secretary of Homeland Security on November 13, 2019.

34.     Defendants deny the allegations in paragraph in 34 and assert that Matthew T. Albence resigned as the Acting Director of ICE, and Tony Pham was assigned as his replacement as the Acting Director of ICE on August 28, 2020.

35.     Defendants deny the allegations in paragraph 35 and assert that Susan Quintana was replaced by Thomas Decker as the New York Field Office Director of ICE in January 2017.

36.     Defendants deny the allegations in sentence three of paragraph 36, except admit that ICE has developed policies on courthouse arrests and has publicly released information about those policies.  Defendants otherwise admit the remaining allegations in paragraph 36 of the complaint.

37.     Defendants admit the allegations in paragraph 37 of the complaint.

## LEGAL FRAMEWORK

I.     **Fundamental Constitutional and Common Law Rights to Access State Courts**

38.     Paragraph 38 constitutes Plaintiffs' characterization of the United States Constitution, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the constitutional provision cited in paragraph 38 for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize its true contents.

39.     Paragraph 39 constitutes Plaintiffs' characterization of New York state case law relating to the existence of a common law privilege against civil arrest, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited cases for true and complete statements of their contents, and deny allegations to the extent they fail to reflect or accurately characterize the contents and/or legal holdings.

II.     **Authority for Federal Immigration Enforcement.**

40.     Paragraph 40 of the complaint constitutes Plaintiffs' characterization of the INA, 8 U.S.C. §§ 1101 *et seq.* and 1357, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the INA for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize its full contents.  Defendants otherwise admit that DHS has promulgated regulations to govern enforcement activities.

41.     Paragraph 41 of the complaint constitutes legal conclusions and Plaintiffs' characterization of the INA and *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1038 (1984), to which no response is required.  To the extent a response is required, Defendants respectfully refer the

Court to legal authorities cited in paragraph 41 for a true and complete statement of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize their full contents.  Defendants admit that the INA was promulgated originally in 1952 and otherwise deny the remaining allegations in paragraph 41 of the complaint.

42.     Defendants admit that after becoming President, Donald Trump issued Executive Order (EO) 13,768 entitled "Enhancing Public Safety in the Interior of the United States".  Defendants also admit that on February 20, 2017, DHS issued a memorandum implementing EO 13,768. Paragraph 42 of the complaint otherwise sets forth Plaintiffs' characterization of EO 13,768, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to EO 13,768 cited in paragraph 42 for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize its full contents.

### III.     Congressional Limits on Federal Immigration Enforcement Activities

43.     Paragraph 43 of the complaint contains legal conclusions and Plaintiffs' characterization of the INA, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the INA for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize its full contents.

44.     Paragraph 44 of the complaint constitutes Plaintiffs' characterization of the Violence Against Women Act ("VAWA") and William Wilberforce Trafficking Victims Protection Reauthorization Act ("TVPRA") to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the VAWA and TVPRA for true and complete statements of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize their full contents.

45.     Defendants admit that VAWA was originally enacted in 1994.  The remainder of Paragraph 45 of the complaint constitutes Plaintiffs' characterizations of VAWA and of a congressional statement from Senator William S. Cohen, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the VAWA statute and to the cited report listed in paragraph 45 for true and complete statements of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize the full contents.  Defendants otherwise deny any remaining allegations in paragraph 45 of the complaint.

46.     Paragraph 46 of the complaint contains legal conclusions and constitutes Plaintiffs' characterization of 8 U.S.C. §§ 1101(a)(51), 1186a(c), to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to 8 U.S.C. §§ 1101(a)(51), 1186a(c) for true and complete statements of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize the full contents.  Defendants otherwise deny the remaining allegations in paragraph 46 of the complaint.

47.     Paragraph 47 of the complaint contains legal conclusions and constitutes Plaintiffs' characterization of VAWA and a House of Representatives Conference Report 106-939, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the VAWA statute and to H.R. Conf. Rep. 106-939 for true and complete statements of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize the full contents.  Defendants otherwise deny the remaining allegations in paragraph 47 of the complaint.

48.     Paragraph 48 of the complaint contains legal conclusions and constitutes Plaintiffs' characterization of 8 U.S.C. § 1186a(c), to which no response is required. To the extent a

response is required, Defendants respectfully refer the Court to 8 U.S.C. § 1186a(c) for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize the full contents.

49.    Defendants deny the first sentence of Paragraph 49 of the complaint.  The remaining sentence in paragraph 49 is constitutes Plaintiffs' characterization of the TVPRA, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the TVPRA for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize the full contents.

50.    Paragraph 50 of the complaint contains legal conclusions and constitutes Plaintiffs' characterization of 8 U.S.C. § 1101(a)(15)(U), to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to 8 U.S.C. § 1101(a)(15)(U) for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize the full contents.  Defendants otherwise deny any remaining allegations in paragraph 50 of the complaint.

51.    Paragraph 51 of the complaint contains legal conclusions and constitutes Plaintiffs' characterization of 8 U.S.C. § 1101(a)(15)(T), to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to 8 U.S.C. § 1101(a)(15)(T) for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize the full contents.  Defendants otherwise deny any remaining allegations in paragraph 51 of the complaint.

52.    Paragraph 52 of the complaint contains legal conclusions and constitutes Plaintiffs' characterization of 8 U.S.C. § 1101(a)(27)(J), to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to 8 U.S.C. § 1101(a)(27)(J) for a

true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize the full contents.  Defendants otherwise deny any remaining allegations in paragraph 52 of the complaint.

53.     Defendants admit that on January 22, 2007, ICE issued a memorandum entitled "Interim Guidance Relating to Officer Procedure Following Enactment of VAWA 2005".  Paragraph 53 otherwise constitutes Plaintiffs' characterization of the memorandum listed, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the listed memo for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize the full contents.

Similarly, footnote 4 associated with paragraph 53 constitutes Plaintiffs' characterization of several memoranda to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the listed memoranda for true and complete statements of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize the full contents.

54.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the complaint, because there is no temporal limit to the phrase, "before the Trump Administration took office in 2017," and the term "ICE enforcement" is not defined.

**IV.     New York State and Local Laws Protect Noncitizens' Access to Public Services and Limit Federal Immigration Enforcement Activities**

55.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the complaint.

56.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in the first, second, third, and fifth sentences of paragraph 56 of the complaint.

Sentence four of paragraph 56 constitutes Plaintiffs' characterization of New York Executive Orders 34 and 41, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the listed Executive Orders for true and complete statements of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize the full contents.

57. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 57 of the complaint. The second sentence of paragraph 57 constitutes Plaintiffs' characterization of New York State Executive Orders No. 170, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the listed Executive Order for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize the full contents. The third sentence of paragraph 57 of the complaint constitutes Plaintiffs' characterization of a press release from Governor Andrew Cuomo, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the listed press release for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize the full contents.

58. Defendants admit that on April 17, 2019, the OCA issued Directive No. 1-2019 entitled "Protocol Governing Activities in Courthouses by Law Enforcement Agencies". The first sentence of paragraph 58 constitutes Plaintiffs' characterization of Directive No. 1-2019 to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the OCA Directive 1-2019 for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize the full contents. Defendants also admit that since the OCA issued Directive 1-2019, ICE agents have

arrested individuals who are in violation of federal immigration law throughout the State of New York, which could include areas near New York State courthouses.  Defendants otherwise deny any remaining allegations in paragraph 58.

## SUBSTANTIVE ALLEGATIONS

### I.  ICE's Courthouse Arrests Are Blunt, Dangerous and Illegal Tools in its Unbridled Immigration Enforcement Efforts

59.     Defendants admit that President Donald Trump has spoken publicly about his administration's focus on enforcing federal immigration law.  The second sentence of paragraph 59 of the complaint constitutes Plaintiffs' characterization of Executive Order No. 13,768, and the DHS February 20, 2017 memorandum implementing EO 13,768, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the Executive Order and the DHS February 20, 2017 memorandum cited in paragraph 59 for true and complete statements of their contents, deny the allegations to the extent they fail to reflect or accurately characterize their full contents, and otherwise deny the remaining allegations in paragraph 59 of the complaint.

60.     Defendants deny the first sentence of paragraph 60 of the complaint.  Defendants admit that after President Trump was inaugurated, the number of courthouse arrests at or near New York State courthouses increased, and otherwise deny the remaining allegations in the second sentence of paragraph 60.  Sentence three of paragraph 60 contains legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations in sentence three of paragraph 60.

61.     Defendants admit that members of the Trump administration provided public statements regarding ICE arrests at and/or near state courthouses.  Defendants also admit that on March 29, 2017, then Homeland Security Secretary John Kelly and then Attorney General Jefferson

Sessions issued a letter to Hon. Tani G. Cantil-Sakauye. The second sentence of paragraph 61 constitutes Plaintiffs' characterization of this March 29, 2017 letter to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the March 29, 2017 letter cited in paragraph 61 for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize the full contents. Defendants otherwise deny any remaining allegations in paragraph 61 of the complaint.

62.    The first sentence of paragraph 62 constitutes Plaintiffs' characterization of an April 7, 2017 Washington Post article, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to this April 7, 2017 article cited in paragraph 62 for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize the full contents. Defendants admit that members of DHS have made public statements and/or comments regarding ICE civil enforcement actions at state courthouses. Defendants also admit that ICE issued a Memorandum on January 10, 2018 concerning ICE arrests inside courthouses. Defendants otherwise deny any remaining allegations in paragraph 62 of the complaint.

## II.    ICE Memorialized its Illegal Courthouse Arrest Policy in the January 10, 2018 Directive.

63.    Defendants admit that on January 10, 2018, ICE issued Directive No. 11072.1, Civil Immigration Enforcement Actions Inside Courthouses which concerned civil immigration arrests inside courthouses. Paragraph 63 of the complaint otherwise constitutes Plaintiffs' characterization of this Directive, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the Directive for a true and complete statement of its contents, deny the allegations to the extent they fail to reflect or accurately

characterize its full contents, and otherwise deny the remaining allegations in paragraph 63 of the complaint.

64.     Paragraph 64 of the complaint constitutes Plaintiffs' characterization of the Directive, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the Directive for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize their full contents. Defendants otherwise any remaining allegations in paragraph 64 of the complaint.

65.     Paragraph 65 of the complaint constitutes Plaintiffs' characterization of the Directive, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the Directive for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize their full contents.

66.     The first and third sentences of paragraph 66 constitute Plaintiffs' characterization of the Directive, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the Directive for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize their full contents. The second sentence of paragraph 66 of the complaint constitutes Plaintiffs' characterization of the Directive and of the *FAQ on Sensitive Locations and Courthouse Arrests*, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the Directive and the *FAQ* referenced in paragraph 66 for true and complete statements of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize their full contents.

67.     Defendants deny the first sentence of paragraph 67 of the complaint.  The second, third, and fourth sentences of paragraph 67 of the complaint are legal conclusions to which no response

is required.  To the extent a response is required, Defendants deny the allegations of sentences two, three, and four of paragraph 67 of the complaint.

68.     The first and second sentences of paragraph 68 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of sentences one and two of paragraph 68 of the complaint.  Defendants otherwise deny the remaining allegations in paragraph 68 of the complaint.

**III.    State and Federal Legal and Law Enforcement Officers Publicly Criticize ICE's Courthouse Arrest Policy**

69.      Defendants admit that a group of former state and federal judges sent a letter to ICE regarding immigration arrests at courthouses.  Paragraph 69 otherwise constitutes Plaintiffs' characterization of a December 12, 2018 letter to Ronald Vitiello, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the December 12, 2018 letter identified in paragraph 69 of the complaint for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize its full contents.

70.     Paragraph 70 of the complaint constitutes Plaintiffs' characterization of a December 19, 2018 article in *The Hill* newspaper, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the December 19, 2018 article in *The Hill* referenced in paragraph 70 of the complaint for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize its full contents.

71.     Defendants admit that some state district attorneys and state attorney generals publicly raised concerns regarding ICE arrests at state courthouses.  Defendants otherwise deny the remaining allegations in the first sentence of paragraph 71.  Defendants also admit that the Manhattan, Brooklyn, and Bronx District Attorneys held a public press conference in February

17

2018 to address ICE courthouse arrests of aliens.  The third, fourth, and fifth sentences of paragraph 71 of the complaint constitute Plaintiffs' characterization of a February 14, 2018 article in the *New York Daily News*, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the February 14, 2018 article in the *New York Daily News* for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize its full contents.

The sixth and seventh sentences in paragraph 71 of the complaint constitute Plaintiffs' characterization of a complaint and court opinion filed in the Federal District Court for the District of Massachusetts case *Ryan v. U.S. Immigration and Customs Enforcement*, No. 19-11003, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the complaint and court opinion referenced in paragraph 71 for true and complete statements of their contents, and deny the allegations to the extent they fail to reflect or accurately characterize its full contents.

72.    Defendants deny the allegations in the first and second sentences of paragraph 72 of the complaint.  The third sentence of paragraph 72 of the complaint constitutes Plaintiffs' characterization of the ICE *FAQ on Sensitive Locations and Courthouse Arrests*, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the ICE *FAQ* referenced in paragraph 72 for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize its full contents.

**IV.    ICE's Courthouse Arrest Policy Disrupts the Functioning of New York's Courts and Imperils Public Safety**

73.    Defendants deny the allegations in the first and third sentences of paragraph 73 of the complaint.  Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in sentence two of paragraph 73 of the complaint.

74.    Defendants deny the allegations in the first and second sentences of paragraph 74 of the complaint.  Defendants admit that ICE officers have information about a target of an ICE arrest. Plaintiffs do not define "collateral arrests", which is described in the third sentence of paragraph 74 of the complaint, and therefore Defendants deny knowledge and information sufficient to form a belief as to the truth of this allegation.  Defendants admit that ICE officers know the name of the alien target they intend to arrest, but otherwise deny the remaining allegations in the fourth and fifth sentences of paragraph 74.  Defendants admit that ICE officers have, on certain occasions, been in or around a courtroom to hear an alien's case being called before the court, but defendants otherwise deny the remaining allegations of the sixth sentence of paragraph 74 of the complaint.  Defendants admit that ICE officers have arrested aliens inside and outside New York State courthouses.  Defendants further admit that some aliens are arrested by ICE officers on their way into New York State courthouses.  Defendants otherwise deny all remaining allegations in paragraph 74 of the complaint.

75.    Defendants deny all the allegations in paragraph 75 of the complaint.

76.    Defendants admit that ICE officers have been required to use reasonable force to effectuate a lawful arrest of an alien at or near a New York State courthouse, but otherwise deny the remaining allegations in the first sentence of paragraph 76 of the complaint.  Plaintiffs do not identify an approximate date of the example described in paragraph 76 of the complaint, rendering Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining sentences of paragraph 76 of the complaint.

77.     Defendants deny the allegations in sentence one of paragraph 77 of the complaint.  The
second sentence of paragraph 77 is not confined in temporal limitation, thus rendering
Defendants without knowledge and information sufficient to form a belief as to the truth of the
allegations in the remaining sentences of paragraph 77 of the complaint.

78.     Defendants admit that ICE has conducted arrests of aliens at courthouses during the
alien's arraignment and initial appearance before the court.  Plaintiffs do not define what
constitutes "subsequent appearances", rendering Defendants without knowledge or information
sufficient to form a belief as to the truth of the remaining allegations in the first sentence of
paragraph 78 of the complaint.  Defendants are without knowledge or information sufficient to
form a belief as to the truth of the allegations in the second sentence of paragraph 78 of the
complaint.  Defendants deny the allegations in the third and fourth sentences of paragraph 78 of
the complaint.

79.     Defendants admit on April 18, 2019, the OCA issued a rule prohibiting federal civil
immigration arrests inside New York State courthouses without a judicial warrant.  The
remainder of the allegations in paragraph 79 constitute Plaintiffs' characterization of an April 10,
2019 report titled Safeguarding the *Integrity of Our Courts: The Impact of ICE Courthouse
Operations in New York State*, to which no response is required.  To the extent a response is
required, Defendants respectfully refer the Court to the report referenced in paragraph 79 for a
true and complete statement of its contents, and deny the allegations to the extent they fail to
reflect or accurately characterize its full contents.  Defendants otherwise deny any remaining
allegations in paragraph 79 of the complaint.

**A.  ICE's Courthouse Arrests Impede Individuals' Access to Justice**

80.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the complaint.

81.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the complaint.  Additionally, paragraph 81 of the complaint constitutes Plaintiffs' characterizations of certain legal rights afforded to criminal defendants, to which no response is required.

82.     Defendants deny the allegations in sentences one, two, and three of paragraph 82 of the complaint.  Defendants admit that during ICE bond hearings, and other immigration proceedings, immigration judges generally consider an alien's criminal history.  Defendants otherwise deny any remaining allegations in paragraph 82 of the complaint.

83.     Defendants deny the allegations in the first sentence of paragraph 83 of the complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentences two, three, and four of paragraph 83 of the complaint.

84.     Defendants deny that ICE courthouse arrests "greatly impede" criminal defendants from participating in problem-solving courts.  Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegation in the first sentence of paragraph 84 of the complaint relating to Plaintiff SFF's legal representations. Defendants are similarly without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 84.  Defendants admit that they are only aware of one ICE civil enforcement action that occurred at the Queens Human Trafficking Intervention Court, and otherwise deny the remaining allegations in sentence three of paragraph 84 of the complaint.  Defendants are also without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 84.

85.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the complaint.

86.    Defendants admit that District Attorneys of the Bronx, Manhattan, and Brooklyn have made public statements expressing their personal beliefs as to an alleged chilling effect from ICE civil immigration enforcement at and/or near courthouses.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 86 of the complaint, and otherwise deny all remaining allegations in paragraph 86 of the complaint.

87.    Defendants deny the allegations in paragraph 87 of the complaint, except are without knowledge or information sufficient to form a belief as to the truth of the statistics in sentences three, four, five, and six in paragraph 87.

88.    Defendants admit that ICE has made arrests of aliens in courts other than New York criminal courts, to include New York family courts.  Defendants otherwise deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 88 of the complaint, because there is no temporal and or geographic limitation connected to the broad allegations, and "courthouse arrests" are not defined, and Defendants deny any remaining allegations in paragraph 88 of the complaint.

89.    Defendants deny the allegations in paragraph 89 of the complaint.

90.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the complaint.

91.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the complaint.

92.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the complaint.

93.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the complaint.

94.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the complaint.

95.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the complaint.

96.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the complaint.

97.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the complaint.

98.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the complaint.   The last sentence of paragraph 98 also sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 98 of the complaint.

## B.  ICE's Courthouse Arrests Harm Organizational Plaintiffs and Interfere with Organizational Plaintiffs' Representation of their Clients and Counseling of their Members

99.     Defendants deny the allegations in paragraph 99 of the complaint.

100.    Defendants deny the allegations in paragraph 100 of the complaint.

101.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the complaint.

102.    Defendants deny sentence one and two of paragraph 102.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentences three and four of paragraph 102 of the complaint.

103.    Defendants deny that of the "enforcement actions impacting clients and members, a significant proportion . . . are ICE courthouse arrests."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of sentence one, and sentence two and three of paragraph 103 of the complaint.

104.    Defendants deny the first and second sentences of paragraph 104 of the complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 104 of the complaint.

105.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the complaint.

106.    Defendants deny the first sentence of paragraph 106 of the complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 106 of the complaint.

107.    Defendants deny the first sentence of paragraph 107 of the complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 107 of the complaint.

108.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the complaint.

109.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentences one and two of paragraph 109 of the complaint.  Defendants deny the allegations in sentences three, four, five, and six of paragraph 109 of the complaint.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence one of paragraph 110 of the complaint.  Defendants deny the allegations in sentences two and three of paragraph 110 of the complaint.

111.     Defendants deny the allegations in the first sentence of paragraph 111 of the complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentences two and three of paragraph 111 of the complaint.

112.     Defendants deny the allegations in the first and second sentences of paragraph 112 of the complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence three of paragraph 112 of the complaint.

113.      Defendants deny the allegations in the first and second sentences of paragraph 113 of the complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence three of paragraph 113 of the complaint.

114.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the complaint.

115.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the complaint.

116.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 116 of the complaint.  Defendants are also without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence paragraph 116 of the complaint because the term "court processes" is not defined and thus it is unclear to Defendants what would be included in that broad term. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, fifth, sixth, seventh, eighth, and ninth sentences of paragraph 116 of the complaint.

117.     Defendants deny the allegations in the first sentence of paragraph 117 of the complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations in the second, third, fourth, fifth, and sixth sentences of paragraph 117 of the complaint. Defendants are also without knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence paragraph 117 of the complaint because the term "immigration application" is not defined and thus it is unclear to Defendants what would be included in that broad term. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the eighth and ninth sentences of paragraph 117 of the complaint.

118.    Defendants deny the allegations in the first sentence of paragraph 118 of the complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 118 of the complaint.

119.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 119 of the complaint. Defendants deny the allegations in the second sentence of paragraph 119 of the complaint.

120.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the complaint.

121.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the complaint.

122.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the complaint.

123.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the complaint.

124.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the complaint.

125.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the complaint.

126.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the complaint.

127.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the complaint.

128.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the complaint.

129.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the complaint.

130.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the complaint.

### C. ICE Commandeers State Resources to Carry Out Courthouse Arrests

131.    Defendants deny the allegations in the first sentence of paragraph 131 of the complaint. Defendants admit the second sentence of paragraph 131 of the complaint. Defendants deny the allegations in the third sentence of paragraph 131 of the complaint. The fourth sentence of paragraph 131 of the complaint constitutes Plaintiffs' characterization of a section of ICE's webpage, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the section of ICE's webpage cited for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize its full contents. Defendants admit the allegations in sentence five of paragraph 131 of the complaint. Defendants deny the allegations in sentence six of paragraph 131 of the complaint. Defendants deny the allegations in sentence seven of paragraph 131 of the complaint,

except admit that ICE agents have made arrests in non-public areas of courthouses, and that some of those arrests have been documented in Unusual Occurrence Reports. Footnote 23 of the complaint constitutes Plaintiffs' characterization of the April 2019 OCA directive, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the April 2019 OCA directive for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize its full contents. Sentence eight of paragraph 131 of the complaint constitutes Plaintiffs' characterization of the Directive, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the Directive for a true and complete statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize its full contents.

132. Defendants deny the allegations in the first, second, third, fifth, and sixth sentences of paragraph 132 of the complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence four of paragraph 132 of the complaint.

133. Defendants deny the allegations in paragraph 133 of the complaint.

V.    **ICE's Courthouse Arrests Erode Trust in New York's Judiciary and Among Stakeholders**

134. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and fourth sentences of paragraph 134 of the complaint. Defendants deny the allegations in the third sentence of paragraph 134 of the complaint.

135. Defendants deny the allegations in paragraph 135 of the complaint.

136. Defendants deny the allegations in paragraph 136 of the complaint.

**CAUSES OF ACTION**

**COUNT ONE**
**Violation of the Fifth Amendment to the U.S. Constitution- Due Process**

137.    Defendants repeat each and every response set forth herein to the allegations in paragraphs 1–136.

138.    Paragraph 138 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 138 of the complaint.

139.    Paragraph 139 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 139 of the complaint.

140.    Paragraph 140 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 140 of the complaint.

141.    Paragraph 141 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 141 of the complaint.

**COUNT TWO**
**Violation of the First Amendment to the U.S. Constitution**

142.    Defendants repeat each and every response set forth herein to the allegations in paragraphs 1–141.

143.    Paragraph 143 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 143 of the complaint.

144.     Paragraph 144 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 144 of the complaint.

145.    Paragraph 145 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 145 of the complaint.

146.    Paragraph 146 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 146 of the complaint.

147.    Paragraph 147 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 147 of the complaint.

**COUNT THREE**
**Violation of the Sixth Amendment to the U.S. Constitution**

148.    Defendants repeat each and every response set forth herein to the allegations in paragraphs 1–147.

149.    Paragraph 149 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 149 of the complaint.

150.    Paragraph 150 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 150 of the complaint.

151.    Paragraph 151 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 151 of the complaint.

152.     Paragraph 152 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 152 of the complaint.

## COUNT FOUR
### Violation of the Common Law Immunity Against Civil Arrest While Coming to, Attending, and Returning from Court

153.     Defendants repeat each and every response set forth herein to the allegations in paragraphs 1–152.

154.     Paragraph 154 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 154 of the complaint.

155.     Paragraph 155 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 155 of the complaint.

156.     Paragraph 156 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 156 of the complaint.

157.     Paragraph 157 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 157 of the complaint.

## COUNT FIVE
### Violation of the Administrative Procedure Act

158.     Defendants repeat each and every response set forth herein to the allegations in paragraphs 1–157.

159.    Paragraph 159 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 159 of the complaint.

160.    Paragraph 160 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 160 of the complaint.

161.    Paragraph 161 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 161 of the complaint.

162.    Paragraph 162 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 162 of the complaint.

163.    Paragraph 163 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 163 of the complaint.

164.    Paragraph 164 of the complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 164 of the complaint.

**PRAYER FOR RELIEF**

The allegations in paragraphs (1) – (5) following the Causes of Action and commencing with the word "Wherefore," constitute Plaintiffs' request for relief to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief, or any relief whatsoever.

## DEFENSES

Any allegations not specifically admitted or denied are hereby denied.  For further and separate answer, Defendants allege as follows:

### FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims and prayer for relief are subject to, and limited to, the Administrative Procedure Act, including any provisions not specifically identified in this Answer.

### THIRD DEFENSE

Defendants' actions are not arbitrary, capricious, an abuse of discretion or otherwise contrary to law and are supported by substantial evidence.

### FOURTH DEFENSE

The Court lacks authority to grant the requested relief.

### FIFTH DEFENSE

The complaint fails to identify a final agency action.

### SIXTH DEFENSE

Defendants have not violated any of Plaintiffs' constitutional rights.

### SEVENTH DEFENSE

Defendants reserve the right to amend this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Fed. R. Civ. P 8(c).

WHEREFORE, Defendants respectfully request that the Court: (1) enter judgment in favor of Defendants; and (2) grant such further relief as the Court deems just and proper.

Dated: New York, New York

November 2, 2020

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By:        */s/ Rebecca Friedman*
REBECCA R. FRIEDMAN
TOMOKO ONOZAWA
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2714/2721
Facsimile: (212) 637-2686
E-mail: rebecca.friedman@usdoj.gov
          tomoko.onozawa@usdoj.gov