UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/30/21
```

John Doe, *et al.*,

                Plaintiffs,

–v–

U.S. Immigration and Customs Enforcement, *et al.*,

                Defendants.

19-cv-8892 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff John Doe and Organizational Plaintiffs The Door, Make the Road New York, New York Immigration Coalition, Sanctuary for Families, and the Urban Justice Center bring this suit against Defendants U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, and several federal officials acting in their official capacities.  They allege that ICE's policy of carrying out federal immigration arrests of noncitizens in and around New York state courthouses without judicial warrants violates the common law privilege against civil arrests while coming to, attending, and returning from court; the Administrative Procedure Act; and the First and Fifth Amendments to the United States Constitution.  Now before the Court is Plaintiffs' motion to redact Plaintiff Doe's and non-party noncitizens' personal identifying information for purposes of a forthcoming motion for summary judgment.  Dkt. No. 125, 126. For the reasons that follow, Plaintiffs' motion is GRANTED.

**I. BACKGROUND**

    On September 25, 2019, Plaintiffs filed a complaint against Defendants, challenging Defendants' "policy and practice of conducting civil immigration arrests and surveillance in and

1

around New York State courthouses under the Administrative Procedure Act, the New York common law immunity from courthouse arrests and the First, Fifth and Sixth Amendments of the United States Constitution." Dkt. No. 126 at 6–7 (citing Dkt. No. 1). Defendants subsequently filed a motion to dismiss on December 14, 2019. Dkt. No. 63. After oral argument, this Court granted in part—dismissing Plaintiffs' Sixth Amendment claim—and denied in part on the remaining claims. *Doe v. U.S. Immigration & Customs Enf't*, 490 F. Supp. 3d 672 (S.D.N.Y. 2020). This order assumes familiarity with the Court's September 28 Opinion and Order and its recitation of the factual background of this case. As noted in that opinion, at the same time that Plaintiffs filed the instant suit, the State of New York and the District Attorney of Kings County filed suit against ICE and others asserting APA and Tenth Amendment violations arising from the same courthouse arrest policy at issue here. *Id*. at 681. In that action, Judge Rakoff denied Defendants' motion to dismiss, *see State v. U.S. Immigration & Customs Enf't*, 431 F. Supp. 3d 377 (S.D.N.Y. 2019), and subsequently granted summary judgment in Plaintiffs' favor, *see New York v. U.S. Immigration & Customs Enf't*, 466 F. Supp. 3d 439 (S.D.N.Y. 2020).

In the course of this litigation, the parties have entered into a protective order governing Plaintiff Doe's personal identifying information. *See* Dkt. No. 44. The parties also entered into a general pre-trial protective order governing the protection of personal identifying information of non-party noncitizens. *See* Dkt. No. 88. Pursuant to these agreements, Plaintiffs have produced redacted documents to Defendants during discovery. Dkt. No. 126 at 8. Plaintiffs now seek leave from the court to retain many of those redactions for purposes of their forthcoming motion for summary judgment. Plaintiffs have dubbed these documents the "Doe Documents"— which pertain to redactions of Plaintiff Doe's PII under the protective order—and the "Client Documents"—which pertain to redactions of PII of non-party noncitizens under the general pre-

trial protective order. *Id.* at 8–9 (citing Blackman Decl. Exhs. 1–18). The Client Documents, according to Plaintiffs, include redactions of: names or initials of a non-party noncitizen, "dates of birth, addresses, phone numbers and other contact information, countries of birth, alien registration numbers, details of alleged crimes, details of arrests by ICE and other authorities, dates and locations of entry into the United States, dates of first contact with immigration authorities, details relating to deportation, and details relating to imprisonment, sentencings, court hearings or issued warrants." *Id.* at 10–11. Both sets of documents also include privilege redactions pursuant to the general pre-trial protective order. *Id.* at 9 n.2 (citing Dkt. No. 117).

Defendants filed their opposition on October 14, 2020, Dkt. No. 129, and Plaintiffs filed a reply in support, Dkt. No. 130.

## II. LEGAL STANDARD

Plaintiffs' request to redact these documents is subject to the three-part test set forth by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119–20 (2d Cir. 2006). The Court first determines whether the document at issue is a "judicial document" by examining whether it is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Erie Cnty.*, 763 F.3d 235, 239 (2d Cir. 2014) (quoting *Lugosch,* 435 F.3d at 119). If the Court determines the documents are judicial documents, a common-law presumption of access attaches and the Court must then determine the weight to be given that presumption. *Lugosch,* 435 F.3d at 119. Documents submitted for consideration with summary judgment motions are considered, as a matter of law, "judicial documents to which a strong presumption of access attaches." *Id.* at 121. The final step in the Court's inquiry requires balancing the weight of presumption of access with any "competing considerations." *Id.* at 120.

3

The First Amendment to the United States Constitution also informs this inquiry by "protect[ing] the public's right to have access to judicial documents." *Erie Cnty.,* 763 F.3d at 239. To determine whether this right attaches, the Second Circuit has looked to whether "experience and logic" support public access to the documents. *Id.* (quoting *Lugosch,* 435 F.3d at 120). In doing so, the Court must "consider (a) whether the documents 'have historically been open to the press and general public' (experience) and (b) whether 'public access plays a significant positive role in the functioning of the particular process in question' (logic)." *Id.* (quoting *Lugosch,* 435 F.3d at 120). Should the Court find that a First Amendment right of access attaches, the documents "may be sealed [only] if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *Lugosch,* 435 F.3d at 120) (alteration in original).

**III. DISCUSSION**

The Court has reviewed the proposed PII redactions. Defendants do not oppose the PII redactions in the Doe Documents or the privilege redactions in either set of documents. *See* Dkt. No. 129 at 1. As for the Client Documents, Defendants do not oppose their redaction for purposes of the public docket but seek access themselves in order to question their relevance for summary judgment purposes. *Id.* at 2. Although the redactions are thus unopposed for purposes of public access, the Court still must independently determine if the Plaintiffs' interests in preserving the redactions overcomes the presumption in favor pf public access to judicial documents. *See Lugosch*, 435 F.3d at 119.

Plaintiffs plan to file the redacted documents as support for their forthcoming motion for summary judgment. Thus, the documents are clearly "'judicial documents' for purposes of the

4

redaction request." *Mark v. Gawker Media LLC*, No. 13-cv-4347 (AJN), 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015) (citing *Lugosch*, 435 F.3d at 121).

At the second step of the *Lugosch* inquiry, Plaintiffs rely on the prior protective orders as evidence that this Court has previously found this information necessary to protect. "However, that a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document." *Collado v. City of New York*, 193 F. Supp. 3d 286, 289 (S.D.N.Y. 2016). As noted above, "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch,* 435 F.3d at 121.

Upon the Court's review of the proposed redactions of PII, it finds that the presumption of public access is overcome in this case. The proposed redactions are limited and properly protect the personal information of Plaintiff Doe and the non-party noncitizens. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (finding that "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation"); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156–57 (S.D.N.Y. 2015). Thus, the Court grants Plaintiffs' motion to redact the PII information in the Doe and Client Documents from the public docket.[1]

The question remains whether Defendants should be granted access to the unredacted Client Documents. Indeed, raising no objection to limiting the public's access, Defendants only seek access to the redacted information in the Client Documents themselves, so that they may

---

[1] Plaintiffs did not file the privilege redactions in a manner that allows for this Court's review. Plaintiffs are hereby ORDERED to file the redactions in a manner that allows for this Court's review at the same time as their forthcoming motion for summary judgment.

5

"probe the veracity, credibility, and relevance of the proffered evidence." Dkt. No. 129 at 2.  In particular, Defendants argue that without the clients' identifying information, Defendants are unable to determine if those individuals are subject to civil or criminal immigration enforcement actions.  According to Defendants, if the individuals are subject to criminal rather than civil enforcement actions, such fear would be irrelevant because Plaintiffs' challenge is against ICE's *civil* arrest policy.  *Id.* at 2–3.  The Court finds Defendants' arguments unpersuasive and will grant Plaintiffs' request to redact the documents.

First, discovery in this matter has been closed since April 1, 2020, and the parties have agreed that this case can properly be decided on a motion for summary judgment.  Dkt. No. 123.  Defendants' general overture regarding the need to probe the "veracity, credibility, and relevance" of the PII redactions is thus unpersuasive.  As Plaintiffs note in their reply brief, Defendants noticed only one deposition, that of Plaintiff Doe, even though the redacted Client Documents were produced to Defendants during discovery.  Dkt. No. 130 at 6.

Second, Defendants' argument regarding prejudice is misplaced. Whether each individual noncitizen is subject to civil or criminal immigration arrest is besides the point.  Unlike Plaintiff Doe, the redacted information pertains to *non-party* noncitizens—thus, there is no need to establish standing and the requisite "credible threat of prosecution." *Knife Rights v. Vance*, 802 F.3d 377, 384 (2d Cir. 2015).  Rather, a general fear allegedly due to Defendants' actions is relevant, in particular, to support Plaintiffs' First Amendment claim. *See Doe*, 490 F. Supp. 3d at 694 (rejecting Defendants' motion to dismiss the First Amendment claim on the grounds that "the Complaint alleges that individuals have been arrested by ICE in and around courthouses pursuant to the Directive, and that these arrests have created an 'atmosphere of fear' so

significant that it deters Plaintiffs and their clients—including Doe—from bringing meritorious suits").

Finally, Defendants' opposition highlights ICE's refusal to agree to not use any disclosed PII in law enforcement proceedings against non-party noncitizens identified in the Client Documents. Dkt. No. 129 at 2–3. This reasoning only underscores the need for redacting non-party noncitizens' PII in the Client Documents. Indeed, Defendants' position demonstrates that even if identifying the non-party noncitizens were relevant to Defendants' defenses, "the risk of injury to the [individuals] if such information were disclosed outweighs the need for its disclosure" as revealing the noncitizens' PII could expose them to the very conduct this action challenges. *See Zeng Liu v. Donna Karan Int'l, Inc.*, 207 F. Supp. 2d 191, 192–93 (S.D.N.Y. 2002) (denying request to discovery plaintiffs' immigration status due to the "danger of intimidation, the danger of destroying the cause of action").

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' motion to redact Plaintiff Doe's and the non-party noncitizens' personal identifying information. Pursuant to Dkt. No. 123, any motions for summary judgment are due thirty days from this Order. Plaintiffs are hereby ORDERED to file their proposed privilege redactions in a manner that allows for this Court's review at the same time as their forthcoming motion for summary judgment.

This resolves Dkt. No. 125.

SO ORDERED.

Dated: August 30, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge